IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN FREDERICK LEATHERS,<br><br>Plaintiff,<br><br>v.<br><br>JON W. LARSON, et al.,<br><br>Defendants. | CV 16-00043-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 27, 2016, Plaintiff John Leathers filed a motion to proceed in forma pauperis (Doc. 1) and a document the Court liberally construes as a civil rights Complaint (Doc. 2). The motion to proceed in forma pauperis will be granted, but the allegations in the Complaint are barred by the applicable statute of limitations and judicial immunity. The Complaint should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Leathers filed a Motion to Proceed in Forma Pauperis that the Court finds sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

1

## II. STATEMENT OF CASE

### A. Parties

Mr. Leathers is currently housed at Montana State Hospital. He is proceeding without counsel. He named Judge John Larson in the case style as a Defendant and named the following Defendants in the parties section of the Complaint: Perry Johnson, Jeffery Roderck, Dr. Paul Moomaw, Captain Stepper, and Barb Schmitz. (Complaint, Doc. 2 at 4.)

### B. Allegations

On the first page of his Complaint, Mr. Leathers alleges Judge Larson "committed the act of aggravated parenting interference" and obstructed Mr. Leathers's rights as a father. (Complaint, Doc. 2 at 1.)

In his statement of claims, Mr. Leathers alleges that he was arrested for a probation violation on October 31, 2000, and taken to the Ravalli County Jail on November 1, 2000. He contends he was given a "blackout pill" and held in jail until January 11, 2001. He alleges he was taken to Florence, Montana, by Roderck and Hiday on January 11, 2001. Roderck and Hiday allegedly believed Mr. Leathers had been hypnotized by Dr. Paul Mooman. Mr. Leathers allegedly refused to murder three women, but "the key players killed the women." (Complaint, Doc. 2 at 5.)

Mr. Leathers alleges the manic effects of the drugs robbed of him of his desire to pursue his dream of employment in major league baseball. He wants custody of his children, protection from law enforcement, and reimbursement in the amount of $640,000,000.00. (Complaint, Doc. 2 at 6.)

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Leathers is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

The majority of Mr. Leathers claims are barred by the applicable statute of limitations. There is a three-year statute of limitations applicable to Section 1983 cases in Montana. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont. Code Ann.

4

§ 27–2–204(1). Mr. Leathers filed his Complaint on May 27, 2016; therefore, all incidents occurring prior to May 27, 2013, are barred by the applicable statute of limitations. Mr. Leathers complains about incidents that occurred over 15 years ago. His claims are barred by the applicable statute of limitations.

Mr. Leathers does not indicate when his claims against Judge Larson arose, but any such claims that may arguably be within the statute of limitations are barred by the doctrine of judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judge Larson's rulings in Mr. Leathers's state court proceedings are "unquestionably [ ] judicial acts." *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judge Larson is entitled to judicial immunity from suit.

## IV. CONCLUSION

As set forth above, Mr. Leathers's claims are barred by the applicable statute of limitations and/or judicial immunity. These are not defects that Mr. Leathers could cure by alleging additional facts. The Complaint should be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma

pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because Mr. Leathers failed to file within the applicable statue of limitations. *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Leathers's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2.) The Complaint is deemed filed May 27, 2016.

3. At all times during the pendency of this action, Mr. Leathers must immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court

should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Leathers's failure to file within the applicable statute of limitations.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Leathers may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 20th day of June, 2016.

                                               */s/ John Johnston*
                                               John Johnston
                                               United States Magistrate Judge